M. E. HERBERT, APPELLANT, V. SAMANTHA KECK ET AL., APPELLEES.

[FILED OCTOBER 26, 1892.]

Mechanics' Liens: FORECLOSURE: SUFFICIENCY OF EVIDENCE. Evidence, in the bill of exceptions, examined, and *held* sufficient to sustain the finding and decree of the district court.

APPEAL from the district court for Buffalo county Heard below before HAMER, J.

*Marston & Nevius,* for appellant.

*Calkins & Pratt, contra.*

POST, J.

This was an action by the plaintiff in the district court of Buffalo county to foreclose a mechanic's lien for a balance claimed to be due under a contract for furnishing a steam-heating apparatus for the building of the defendant Mrs. Keck, in the city of Kearney, known as the Midway hotel. The other defendants have liens thereon, which appear of record, and are for that reason made parties to the action. The written contract between plaintiff and the defendant Mrs. Keck, the execution of which is ad-

mitted, provides for a complete system of steam heating and gas pipes to be furnished and put into said hotel by plaintiff for the sum of $5,100. It is conceded by counsel for the defendant that if plaintiff had furnished and put in place all of the material, in the manner and within the time specified in the contract, there would be due thereon at the time this action was commenced the sum of $1,668.69. It is contended, however, that plaintiff should not recover that amount for three reasons, which will be noticed in their order.

First—On account of material fixtures and appliances provided for by the contract, but not furnished, which render the plant less valuable as well as diminish the cost of construction. It is conceded by plaintiff that certain appliances required by the specifications were entirely omitted, viz., for returning the water formed by the condensing of steam to the boiler by force applied through a pump, whether above or below the level of the water in the boiler. The devices specified consisted of a catch basin, receiving tank, steam pump, and other accessories to what is known as the high pressure system, which do not call for a more definite description in this connection. The plaintiff undertook to excuse the omission of these articles on the ground that the contract after its execution was so modified as to provide for a low pressure instead of a high pressure system, as specified therein. The alleged modifications, he claims to have made with Mr. Frank, the superintendent of defendant, immediately after the signing of the contract at St. Joseph, Mo., and is positively denied by Mr. Frank. The latter is strongly corroborated by the fact that on the 23d day of February, 1887, which was after his bid was accepted and before the contract was signed, plaintiff wrote to Mr. Frank suggesting the substitution of the two boilers subsequently used for the one contemplated in the specifications. This he admits in his testimony was the only change ever suggested to, or made

by, Mr. Frank. It cannot be said in view of the conflicting character of the evidence that the district court erred in finding for the defendant on that issue.

Second—Poor workmanship, which rendered the plant less valuable and delayed the use of the building. In support of this claim it is contended that there was a failure to brace and stay the masonry enclosing the boiler, as specified, in consequence of which it had to be rebuilt the first summer at an expense of $160. There is no issue upon the failure in this respect, but plaintiff contends that the damage to the brick work was occasioned by the want of capacity of the chimney and in no way attributable to any neglect or failure on his part. There was also a claim for failure to provide dampers and to insulate the pipes where they passed through walls, ceilings, and floors, and negligence and unskillful workmanship in laying and setting the gas pipes, by which it became necessary to take up the floors and remove the plastering in parts of the building. Upon this question also the finding of the district court, if not in accordance with the clear preponderance of the proofs, is supported by evidence amply sufficient to sustain it in this court.

Third—Failure to complete the work by plaintiff within the time specified, to the defendant's damage. It is provided by the contract that the work shall be performed by the plaintiff in a "prompt and diligent manner, and that he shall do the several parts thereof at such times and in such order as the architect or superintendent may direct, and as soon as is consistent with good workmanship and the progress made upon the superstructure, and in default thereof shall pay to defendant $25 per day for every day thereafter that said work shall remain unfinished, as liquidated damages." The defendant's agent, J. L. Keck, testifies that the building had been rented at the rate of $440 per month and that the tenants were ready and waiting to take possession thereof. There is also evidence by the

defendant tending to prove that the completion of the building was delayed by plaintiff from one to two months. The district court found for the defendant upon this issue also, and we are not at liberty to reverse the finding of that court. There was a general finding below for plaintiff in the sum of $312, which does not appear from the evidence to be inequitable, and the judgment is

AFFIRMED.

THE other judges concur.